UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Metropolitan Life Insurance Company, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> Sharon Ann McDonald, Shelley A. § <br> McDonald, and Thomas J. McDonald, § <br> *Defendants*. § | Civil Action No. |

## COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby files this Complaint in Interpleader ("Complaint") and states as follows:

### PARTIES

1. MetLife is a citizen of the State of New York in that it is organized under the laws of the State of New York and its principal place of business is in the State of New York.

2. Upon information and belief, defendant Sharon Ann McDonald ("Sharon") is the spouse of James E. McDonald (the "Decedent"), and she resides in Saunderstown, Rhode Island.

3. Upon information and belief, defendant Shelley A. McDonald ("Shelley") is the daughter of the Decedent, and she resides in Saunderstown, Rhode Island.

4. Upon information and belief, defendant Thomas J. McDonald ("Thomas") is the son of the Decedent, and he resides in Narragansett, Rhode Island.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount to be interpleaded exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. §1397 and/or 28 U.S.C. §1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

7. MetLife issued a life insurance policy (Policy Number 90420884 UL) to the Decedent (the "Policy").

8. The last beneficiary designation form on file for the Policy is dated July 14, 2021, and names Sharon as the Decedent's sole, primary beneficiary (the "2021 Beneficiary Designation").  A true and correct copy of the 2021 Beneficiary Designation is attached hereto as Exhibit A.

9. The prior beneficiary designation form on file for the Policy is dated October 5, 2017, and names Sharon (then Sharon Ann Cardi, Decedent's fiancée) (70%), Shelley (15%), and Thomas (15%) as the Decedent's primary beneficiaries (the "2017 Beneficiary Designation").  A true and correct copy of the 2017 Beneficiary Designation is attached hereto as Exhibit B.

10. The Decedent died on July 24, 2021.  A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit C.

11. As a consequence of the Decedent's death, a benefit in the amount of Two Hundred Thousand Dollars ($200,000), plus any applicable interest, became payable under the Policy (the "Policy Benefits").

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

{C2490159.2 }

12. MetLife received a life insurance claim form for the Policy Benefits from Sharon dated July 29, 2021, along with an Assignment and Release to Avery-Storti Funeral Home in the amount of $16,895. A true and correct copy of the July 29, 2021 life insurance claim form is attached hereto as Exhibit D.

13. By letter dated August 6, 2021, Shelley advised MetLife that she was questioning the validity of the 2021 Beneficiary Designation. A true and correct copy of the August 6, 2021 letter is attached hereto as Exhibit E.

14. By letter dated August 20, 2021, legal counsel for Shelley and Thomas asserted that the Decedent did not sign the 2021 Beneficiary Designation and/or was not competent to do so. A true and correct copy of the August 20, 2021 letter is attached hereto as Exhibit F.

15. On September 15, 2021, Sharon submitted a September 9, 2021 letter from Dr. Mark Zullo and a March 2021 Durable Power of Attorney. A true and correct copy of the September 9, 2021 letter is attached hereto as Exhibit G. A true and correct copy of the March 2021 Durable Power of Attorney is attached hereto as Exhibit H.

16. If a court were to determine that the 2021 Beneficiary Designation is controlling, then the Policy Benefits would be payable to Sharon (subject to the Assignment and Release).

17. If a court were to determine that the 2021 Beneficiary Designation is not controlling, then the Policy Benefits may be payable to Sharon, Shelley, and Thomas pursuant to the 2017 Beneficiary Designation.

18. By letters dated September 22, 2021, MetLife invited the parties to amicably resolve their dispute so as to avoid an interpleader action and preserve the Policy Benefits from potential litigation costs and fees, but the parties have been unable to do so. True and correct copies of MetLife's September 22, 2021 letters are attached hereto as Exhibit I.

19. Because of these competing claims for the Policy Benefits, MetLife cannot safely determine the proper beneficiary or beneficiaries of the Policy Benefits without exposing itself to multiple claims and liability. *See Equitable Life Assur. Society of the U.S. v. Porter-Englehart*, 867 F.2d 79, 84 (1st Cir. 1989) ("It is immaterial whether the stakeholder believes that all claims against the fund are meritorious. Indeed, in the usual case, at least one of the claims will be very tenuous. The threat of possible multiple litigation – not necessarily the likelihood of duplicative liability – justifies resort to interpleader").

20. As a mere stakeholder, MetLife has no interest in the Policy Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom the Policy Benefits should be paid.

21. MetLife is ready, willing, and able to pay the Policy Benefits in such amounts and to whichever defendant or defendants the Court shall designate.

22. MetLife will deposit into the Registry of the Court the Policy Benefits, plus any applicable interest due and owing, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

A. Restrain and enjoin the defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife for the recovery of the Policy Benefits, plus any applicable interest, by reason of the death of the Decedent;

B. Require that defendants litigate or settle and agree between themselves their claims for the Policy Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Policy Benefits, plus any applicable interest, should be paid;

C. Permit MetLife to pay into the Registry of the Court the Policy Benefits, plus any applicable interest;

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

D.  Dismiss MetLife with prejudice from this action and discharge MetLife from any further liability upon payment of the Policy Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

E.  Award MetLife its costs and attorney's fees; and

F.  Award MetLife such other and further relief as this Court deems just equitable and proper.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  March 10, 2023

By:   /s/ Alexander G. Henlin
Alexander G. Henlin (#10577)
William D. Pandolph, Esq.
  (*Pro Hac Vice to be Filed*)
9 Capitol Street
Concord, NH 03301
(603) 223-2800
e-mail:  ahenlin@sulloway.com
email:  wpandolph@sulloway.com